■ LUCY KANE, Appellant, v. MONTGOMERY WARD & COMPANY et al., Respondents.— Judgment affirmed, without costs of this appeal to any party. All concur. (Appeal from a judgment of Monroe Trial Term dismissing plaintiff's complaint on motions by defendants at the close of plaintiff's case, in a negligence action.) Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.

■ LUCY KANE, as Administratrix of the Estate of MATTHEW KANE, Deceased, Appellant, v. MONTGOMERY WARD AND COMPANY et al., Respondents. — Same decision and like cause of action as in companion case of *Kane* v. *Montgomery Ward & Co.* (5 A D 2d 753).

■ ARTHUR E. WILL, Respondent, v. FOSTER ALUMINUM ALLOY PRODUCTS CORP., Appellant, et al., Defendant.— Judgment and order affirmed, with costs. All concur. (Appeal from a judgment of Chautauqua County Court for plaintiff in an action to recover for goods sold and delivered. The order denied a motion for a new trial. ) Present — McCurn, P. J., Vaughan, Williams, Bastow and Goldman, JJ.

■ JOHN F. WHYTE, Appellant, v. EDWARD L. DUNHAM, Respondent.— Order affirmed, without costs of this appeal to either party. All concur. (Appeal from an order of Onondaga Trial Term denying plaintiff's motion to set aside the verdict of a jury for no cause of action and for a new trial on the ground that the jury did not receive proper instructions.) Present — McCurn, P. J., Vaughan, Williams, Bastow and Goldman, JJ.

■ NANCY FREEH, Respondent, v. THOMAS CLEMENT, Defendant, and NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Order affirmed, with $10 costs and disbursements. All concur, except VAUGHAN, J., who dissents and votes for reversal and denial of the motion in the following memorandum: The action is one involving a collision which occurred in 1953 between an automobile in which plaintiff was riding as a passenger and a train of the defendant New York Central Railroad Company at a grade crossing. Following joinder of issue, an examination before trial was had of defendant's engineer, fireman and head brakeman. Thereafter the case was certified for trial and a pretrial conference was had without success. Immediately following the pretrial conference, an order to show cause dated September 11, 1956 was served upon the defendant railroad for a further examination before trial. This was followed by a notice of motion dated September 18, 1956 for leave to serve an amended complaint setting up a cause of action in nuisance. It is from the orders granting a further examination and for leave to serve an amended complaint that the defendant railroad appeals. The information sought upon the further examination is not, in my opinion, necessary, material or competent. The action is a simple negligence action by whatever label designated. To add an additional label of nuisance is mere surplusage. Absent any showing of new facts since the first examination before trial and absent any showing of necessity calling for a further examination or for leave to serve an amended complaint, the granting of the motions defeats the very purpose of requiring the filing of a certificate of readiness and a pretrial conference and tends to hinder and delay the disposition of litigation. (Appeal from an order of Monroe Special Term granting plaintiff's motion for an examination before trial of defendant railroad company.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.